IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARIA A. MOURIZAKI,** : CIVIL ACTION |
| **[71136-083]**    Petitioner : |
| : |
| V. : |
| : |
| **TROY LEVI, et al.,** : NO. 06-CV-3165 |
| Respondents : |

<u>REPORT AND RECOMMENDATION</u>

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE                                      April 23, 2007

Presently before this court is a *pro se* petition for writ of habeas corpus filed, pursuant to 28 U.S.C. §2241, by a federal prisoner. Petitioner is currently incarcerated at Federal Detention Center ["FDC"] Philadelphia, Pennsylvania, where she is serving a twenty-seven month sentence for conspiracy to violate the Mann Act.[1]

**BACKGROUND**[2]

It is undisputed that on February 24, 2006, Maria A. Mourizaki, Petitioner, was sentenced in the United States District Court for the Eastern District of Virginia to twenty-seven months imprisonment, followed by three years of supervised release, for conspiracy to violate the Mann Act. Following sentencing, the Bureau of Prisons ["BOP"] calculated the good conduct time ["GCT"] that would be credited to Petitioner, and her release date based on the assumption that she would maintain good conduct throughout her sentence. The BOP concluded that Petitioner would be eligible to earn up to 106 days of GCT, determined by the length of her sentence. *Habeas Petition* at ¶¶ 4.1-4.5; *Respondents' Answer* at p. 2.

---

[1] 18 U.S.C. §371 – Conspiracy to commit any offense against or to defraud the United States.
[2] The facts in this discussion have been taken from Petitioner's habeas petition and Respondents' Answer (with exhibits).

Respondents state that this calculation was based on 54 days of GCT for each year that Petitioner would actually be in custody, and a prorated amount of GCT for her last partial year in custody. Assuming that Petitioner would earn all of this GCT time, the BOP projected a release date of March 20, 2008. *Respondents' Answer* at p. 2.

On July 14, 2006, Petitioner signed and dated the instant federal habeas petition, filed pursuant to 28 U.S.C. §2241, in this Court. Ms. Mourizaki claims that the BOP has incorrectly calculated the GCT time that she is entitled to receive under 18 U.S.C. §3624(b). She alleges that under BOP policy, she has the potential to be awarded only 47 days of GCT per year for a maximum of 106 total days of GCT, because the BOP bases its calculations on the actual time in custody, rather than based on the sentence imposed. Petitioner argues that under 18 U.S.C. §3624(b), she is entitled to earn 122 days of GCT[3].

## DISCUSSION

**I. <u>Exhaustion</u>**

A federal prisoner bringing a claim for habeas relief under 28 U.S.C. §2241 must challenge the execution of a sentence, rather than its validity. *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). "Execution of a sentence" includes matters such as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions. *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006).

In the Third Circuit, "federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to §2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). "Although there is no statutory exhaustion requirement attached to §2241, we have consistently applied an exhaustion

---

[3] Ms. Mourizaki does not explain in her habeas petition how she arrived at this calculation.

requirement attached to claims brought under §2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). *See also, Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)("The state court exhaustion requirement is mandated by statute under 28 U.S.C. §2254(b) and has developed through decisional law in applying principles of comity and federalism as to claims brought under 28 U.S.C. §2241."), *cert. denied*, 480 U.S. 938 (1987); *Arias v. United States Parol Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981)(requiring federal prisoner to exhaust administrative remedies before bringing claim under §2241); *United States v. Chavez-Gavina*, CR No. 00-63 2002 WL 389274 at *1 (E.D. Pa. Mar. 12, 2002)("Federal inmates seeking habeas relief are required to exhaust administrative remedies prior to filing a petition. The Bureau of Prisons administrative remedy program is published at 28 C.F.R. §542.10. […] The failure to exhaust administrative remedies is an appropriate basis for dismissal for a petition of writ of habeas corpus.").

"The basic rationale for the exhaustion requirement is that judicial review may be facilitated by the agency's development of a factual record, that judicial time may be conserved if the agency grants the relief sought, and that administrative autonomy requires that an agency be given an opportunity to correct its own errors." *Adams v. Holt*, 2006 WL 2129034 (M.D.Pa. 2006)(*citing Arias*, 648 F.2d at 199).

The BOP's administrative remedies for federal prisoners seeking habeas relief under §2241 are set forth at 28 C.F.R. §542.10. Under this procedure, an inmate is encouraged to first present his/her concerns informally to the institution staff. If informal resolution is unsuccessful, the prisoner may file a formal grievance to the Warden within 20 days of the date on which the basis of the complaint occurred. An inmate who is not satisfied with the Warden's response may file an appeal with the Regional Director within 20 days of the Warden's response. If

3

dissatisfied with that outcome, the prisoner may appeal to the BOP's Office of General Counsel within 30 days of the Regional Director's response. This is the final level of administrative appeal and the inmate has not exhausted his administrative remedies until his claim has been filed and denied at all levels. *Respondents' Answer*: Attachment A (Declaration of Attorney Advisor to Federal Bureau of Prisons dated January 24, 2007).

Because the Third Circuit has consistently applied the requirement that administrative remedies be exhausted before bringing a federal habeas claim under §2241, and because administrative remedies were clearly available for Ms. Mourizaki to pursue, her petition for relief in this forum should be dismissed for failure to exhaust. The record is clear that Petitioner made no attempt to raise her claim at any of the three levels of the Administrative Remedy Program. *See Respondents' Answer*: Exhibit B – Administrative Remedy Generalized Retrieval. Further, Ms. Mourizaki does not allege, and the record before me does not support a finding, that any exception to the exhaustion requirement should apply. *See Vega v. U.S. Dept. of Justice*, 2005 WL 2931841 at *5 (M.D. Pa. Nov. 4, 2005)("The exhaustion requirement is subject to estoppel, waiver, and special circumstances which may excuse a prisoner's failure to comply with the prison's administrative remedy program," *citing Ray v. Kertes*, 130 Fed.Appx. 541 (3d Cir. 2005)).

**II. Merits**

4

Despite Petitioner's failure to exhaust her available administrative remedies, this Court will address Ms. Mourizaki's claim on its merits. Petitioner alleges that the BOP miscalculated her GCT[4], and that under 18 U.S.C. §3642(b), she is entitled to receive up to 54 days per year for the length of her imposed sentence, for a total of 122 days of GCT.

18 U.S.C. §3624 is contained in the Post-sentence Administration chapter of Title 18, and governs the release of a prisoner. Section (b) establishes how a prisoner can earn credit towards the service of her sentence for satisfactory behavior:

> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.
> (2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

18 U.S.C. §3624(b)(April 26, 1996).

The statute delegates to the BOP the determination of awarding GCT. The BOP has interpreted and applied the statutory language to the Bureau of Prisons Program Statement 5880.28, *Sentence Computation Manual* (CCCA), and it is codified at 28 C.F.R. §523.20.

---

[4] The BOP determined that Petitioner could earn up to 106 days of GCT.

5

According to the BOP interpretation, each eligible federal inmate can earn up to 54 days of GCT for each full year served, and a prorated number of GCT days for the last partial year served. 28 C.F.R. §523.20(a)(December 5, 2005).

The basis for GCT earned each year is the amount of time actually served by the prisoner. *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1267-1268 (9th Cir. 2001), *cert. denied*, 535 U.S. 1105 (2002). The calculation gets complicated during the last year of the prisoner's sentence because it would be illogical to wait until the year is over to credit the prisoner – so GCT time is awarded within the last 6 weeks of the sentence. The regulation prorates the 54 days of credit a year earned by the prisoner to 0.148 day of credit for every actual day served during good behavior (54/365 = .148). This means that a prisoner can earn 1 GCT day for every 7 days he actually serves. *See Respondents' Answer*: Exhibit E at p. 1-45.

At this rate, a prisoner who earns all of his GCT days may complete a sentence of 1 year and 1 day after serving 319 days in prison. At that point, the prisoner would have earned 47 days of GCT (319 x .148 = 47.212), which, when added to time served, would equal the full 366 days of the sentence (319 + 47 = 366).[5] The formula for calculating GCT takes into account the fact that an inmate's time actually served becomes incrementally shorter each year as he is awarded GCT. *O'Donald v. Johns*, 402 F.3d 172, 173 (3d Cir. 2005), *cert. denied*, 126 S.Ct. 1906 (2006).

There is nothing in the record to indicate that the BOP has made a mathematical error in the calculation of Petitioner's GCT days or her estimated release date. However, it appears from a fair reading of Ms. Mourizaki's petition that she is challenging the method behind the BOP's GCT calculation.

---

[5] This calculation is explained in detail in the *Respondents' Answer*: Exhibit E.

The Third Circuit upheld this precise procedure of calculating GCT by the BOP in *O'Donald, supra*. O'Donald argued that the plain language of the statute required the BOP to calculate GCT based on the sentenced imposed, not time served. The court agreed that the statute was ambiguous because it was unclear as to whether the phrase "term of imprisonment" in §3624(b) meant sentenced imposed or time served. The court pointed out that as an inmate earns GCT each year, his overall time to serve is reduced. If the BOP were to calculate GCT based on the sentence imposed, it would allow the inmate to earn GCT for time she was not actually incarcerated. *Id.* at 174 (*citing White v. Scibana*, 314 F.Supp.2d 834 (W.D. Wis. 2004)). The court explained that this result would frustrate the process and suggests that the phrase "term of imprisonment" could not mean sentence imposed. However, the court conceded that the language of the statute suggests something other than "time served." Because the language of the statute was ambiguous, under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 844, 104 S.Ct. 2778 (1984), the court had an obligation to defer to the BOP's interpretation if it was reasonable. The Third Circuit agreed with the First, Seventh, and Ninth Circuits, which concluded that the BOP interpretation is indeed reasonable because it follows the language of the statute, "effectuates the statutory design, establishes a 'fair prorating scheme,' enables inmates to calculate the time they must serve with reasonable certainty, and prevents certain inmates from earning GCT for time during which they were not incarcerated." *O'Donald*, 402 F.3d at 174 (*citing Pacheco-Camacho, supra* at 1270-71).

O'Donald also argued, as Petitioner does now, that if §3624(b) is ambiguous, as the court admitted it was, the rule of lenity should have been applied and the ambiguity resolved in his favor. The court quickly rejected this argument as meritless. "We do not resort to the rule of lenity where, as here, we can otherwise resolve the ambiguity of the statute." *Id.*

7

The Petitioner's arguments here are, likewise, without merit. The BOP's interpretation of §3624(b) accurately reflects the purpose of the statute – to encourage cooperation from inmates by awarding them credit on their sentence based on their good behavior during the time they serve in prison. This Court cannot entertain Petitioner's bald assertions that she is entitled to 122 days of GTC without any supporting evidence of how she determined that amount and there is no evidence that the BOP improperly calculated Ms. Mourizaki's GCT, or acted outside the parameters of §3624(b).

## **RECOMMENDATION**

For the reasons stated above, it is recommended that Ms. Mourizaki's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2241, be DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING. It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:


_S/M. FAITH ANGELL_____
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE